UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN L. STOJIC,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

Case No. 1:14-cv-1133

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This is a social security action brought under 42 U.S.C. § 405(g) and seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Robin Stojic seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Title II and XVI of the Social Security Act.

### **I. Background**

Plaintiff was 38 years of age on the date of the Administrative Law Judge's (ALJ) decision. (Tr. 8, 31.) She completed high school and was previously employed as a home attendant, fast food cook, and salesperson. (Tr. 32, 232.) Plaintiff applied for benefits on April 12, 2012, alleging that she had been disabled since July 15, 2011, due to Crohn's disease, anxiety, panic attacks, and a herniated disc. (Tr. 70, 146–58.) Plaintiff's applications

were denied on September 17, 2012, after which time she requested a hearing before an ALJ. (Tr. 98–106.) On July 22, 2013, Plaintiff appeared with her counsel before ALJ JoErin O'Leary for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (Tr. 26–68.) In a written decision dated August 28, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 8–25.) Thereafter, the Appeals Council declined to review the ALJ's determination, making it the Commissioner's final decision in the matter. (Tr. 1–5.) Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## II. Standard of Review

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

### III. ALJ's Decision

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] (1) An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

(2) An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

(continued...)

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

The ALJ found that Plaintiff met her burden at steps one through four. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 13.) At the second step in the sequential evaluation, the ALJ determined Plaintiff had the following severe impairments: (1) inflammatory bowel disease; (2)

---

[1](...continued)
(3) If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

(4) If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

(5) If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. § 404.1520(f)).

degenerative disc disease; (3) hearing loss; (4) obesity; and (5) anxiety. (Tr. 13.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (Tr. 14–15.) At the fourth step, the ALJ found that Plaintiff retained the residual functional capacity (RFC) based on all the impairments:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is unable to climb ladders, ropes or scaffolds, or work around unprotected heights or dangerous moving mechanical parts. She should not work in environments having more than moderate noise levels. She can perform simple, routine and repetitive tasks not performed at a production rate pace with only occasional interaction with the general public. She requires access to restroom facilities.

(Tr. 15.) The ALJ also found at the fourth step that Plaintiff was unable to perform any past relevant work. (Tr. 19.)

Plaintiff's claim, however, failed at the fifth step. There, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy which Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that there existed approximately 205,000 jobs in the national economy which an individual similar to Plaintiff could perform. (Tr. 65–66.) These included the positions general office clerk, packer, and account clerk. (Tr. 65–66.) This represents a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988). Accordingly, the ALJ determined that Plaintiff had not been under a disability as defined in the Social Security Act from April 12, 2012,

(the alleged onset date) through August 28, 2013, (the date of the decision). (Tr. 21.)

## IV. Analysis

Plaintiff's sole claim of error is that the ALJ erred in her discussion of the medical opinions in the record. (ECF No. 12, PageId.543.) Plaintiff claims that two opinions in the record were not given the correct weight under the treating physician doctrine. The Court disagrees.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (*quoting* 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, No. 91-1325, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (*citing Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991

WL 229979 at *2 (*citing Shavers,* 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ gives less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (*quoting Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

1. Dr. Rex Antinozzi

On May 30, 2013, Dr. Rex Antinozzi co-signed a medical source statement that had originally been completed by a physician's assistant. The statement opined that because of Plaintiff's difficulties controlling her bowels, Plaintiff would be "off task" for three or more hours in an eight hour workday, and would be absent from work more than three times per month. (Tr. 498.) The ALJ gave the opinion "little weight" noting that it was inconsistent with the doctor's and assistant's treatment notes. (Tr. 17.)

7

As the Commissioner points out, there is some question as to whether Dr. Antinozzi should be considered a treating physician, since Dr. Antinozzi saw Plaintiff only twice before he completed the statement. (ECF No. 13, PageID.567 (citing Tr. 238–39, 477–80).) It is not clear from the ALJ's decision whether the ALJ treated the opinion as that of a treating physician. (Tr. 17.) As alluded to above, the regulations provide that "[g]enerally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion." 20 C.F.R. § 416.927(c)(2)(i). Since Dr. Antinozzi saw Plaintiff only twice, the Court questions whether the justification for affording greater weight to the opinion of a treating physician applies. *See* 20 C.F.R. § 404.1502 (defining a treating source). The Court need not decide whether Dr. Antinozzi qualifies as a treating physician, however, because even if Dr. Antinozzi was qualified as a treating physician, he did not render a medical opinion that would be entitled to controlling weight.

Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2). While medical opinions offered by treating sources are generally accorded deference, statements that a claimant suffers from unspecified limitations or is disabled or unable to work, as here, are entitled to no deference because the

determination of disability is a matter left to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1).

Here, Dr. Antinozzi's predictions of how often Plaintiff would likely be off task and miss work were conjecture, not a medical opinion. *See Murray v. Comm'r of Soc. Sec.*, No. 1:10–cv–297, 2011 WL 4346473, at * 7 (W.D. Mich. Aug. 25, 2011) (collecting cases). Further, the issues of disability and RFC are reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3); *see Allen v. Comm'r of Soc. Sec.*, 561 F.3d at 652. If a treating physician "submits an opinion on an issue reserved to the Commissioner—such as whether the claimant is disabled, or unable to work, the claimant's RFC, or the application of vocational factors—his decision need only 'explain the consideration given to the treating sources opinion.' The opinion, however, 'is not entitled to any particular weight.'" *Curler v. Comm'r of Soc. Sec.*, 561 F. App'x. 464, 471 (6th Cir. 2014) (*quoting Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x. 498, 505 (6th Cir. 2013) and *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x. 488, 493 (6th Cir. 2010)). Accordingly, the ALJ did not err when it rejected Dr. Antinozzi's statement and explained it "accords little weight as it is not generally consistent with the evidence." (Tr. 17.)

   2.   *Dr. James Findley*

On August 6, 2012, Plaintiff was examined by Dr. James Findley upon referral from the state disability agency. Dr. Findley described Plaintiff as appropriately dressed with satisfactory grooming and hygiene. She had a pleasant and cooperate attitude. (Tr. 415.)

9

The doctor gave Plaintiff a "fair" prognosis, and concluded that "she appears capable of understanding moderately complex instructions but will have difficulty carrying out even routine, repetitive tasks on a consistent and sustained basis due to her Crohn's Disease." (Tr. 415.)

The ALJ discounted this opinion, giving it only "little weight" after noting that the opinion appeared to be heavily based on Plaintiff's subjective allegations, which the ALJ found not to be fully credible. (Tr. 18.) The ALJ also noted that, while Dr. Findley was a psychologist, his opinion relied on an assessment of Plaintiff's *physical* impairments, and thus the opinion was outside his area of expertise. (Tr. 18.) Plaintiff argues that Dr. Findley's opinion is entitled to controlling weight under the treating physician doctrine.

The flaw in Plaintiff's argument is that as a consultative examiner who only examined Plaintiff once, Dr. Findley does not qualify as a treating physician. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506 (6th Cir. 2006); *see* 20 C.F.R. §§ 404.1502, 416.902. His opinions were not entitled to any particular weight. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012). The ALJ considered Dr. Findley's opinions and gave a lengthy and detailed explanation why they were entitled to little weight. The Court finds this explanation is supported by substantial evidence. (Tr. 413–16.) Even if the consultative examiner's opinions were entitled to more weight, Plaintiff has failed to show how the doctor's opinion that Plaintiff would have difficulty performing routine, repetitive tasks is inconsistent with the RFC that found Plaintiff could only perform simple, routine and

repetitive tasks which were not performed at a production rate pace and involved only occasional interaction with the general public. (Tr. 15.) Accordingly, Plaintiff's claim of error fails.

Finally, the Court notes that Plaintiff may have raised other cryptic arguments in her brief. The Court deems these other arguments as waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones.").

## V. Conclusion

For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**. A separate judgment shall issue.


Dated: December 17, 2015 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE